```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
------------------------------------------------------X
                                                      :
TERESA LA DART,                                       :
                                                      :
         Plaintiff,                                   :    Case No.
                                                      :
     v.                                               :    COMPLAINT
                                                      :
TAYLOR SWIFT, TAYLOR SWIFT                            :
PRODUCTIONS, INC.                                     :
                                                      :
         Defendants.                                  :
                                                      :
------------------------------------------------------X
```

## INTRODUCTION

1. This is an action for copyright infringement by Teresa La Dart, ("TLD"), the owner of the rights to the creative elements of her published book "Lover." The "Lover" book was written and designed by TLD and published by AuthorHouse on January 12, 2010. "Lover" was registered with the United States Copyright Office that same year. Defendant Taylor Swift ("Swift"), along with the other Defendant Taylor Swift Productions, Inc. ("TSP") released the album "Lover" with an accompanying book ("the Swift and TSP 'Lover' book") of the same name on August 23, 2019. The Swift and TSP "Lover" book included a number of creative elements that copied the expressive designs and arrangements of the TLD "Lover" book without authorization or credit, to the detriment of TLD.

## FACTS

2. The TLD book, "Lover", (the "TLD Work") was written by TLD over a number of years with the final compilation of writings and cover and internal designs and arrangements

1

completed and published all together in 2010. The full book was registered for copyright on February 5, 2010, under TX 7-143-843 (Exhibit A)("TLD's Registered Copyright"). The 2010 copyright registration used a full copy of the TLD Work as the deposit copy filed with the United States Copyright Office.

 3. It is Plaintiff TLD's view that the scope of the 2010 copyright registration for the full TLD Work includes the entirety of the book, including all design and textual elements thereof.

 4. The design and textual elements embodied within the TLD Work are original and unique.

 5. The Swift and TSP "Lover" book was released as part of Swift's "Lover" album on August 23, 2019, with all credits for design and textual elements claimed as works by Swift (and/or TSP).

 6. Upon information and belief, the Swift and TSP "Lover" book has achieved considerable sales in association with the Swift "Lover" album through numerous different sources (retail stores and on-line services, at least) and has reached at least 2.9 million copies sold within the United States since its release date (over 4 million copies sold internationally).

 7. Plaintiff TLD was not accorded any credits nor received any payments related to the Swift and TSP "Lover" book since August 23, 2019.

 8. The Swift and TSP "Lover" book as released and published by Swift and TSP and claiming all creative credits for Swift, as well, includes, at least, i) substantially the same format of a recollection of past years memorialized in a combination of written and pictorial components within a book, ii) with a substantially similar cover format, with the author photographed in a downward pose, and color scheme (pastel pinks and blues) with the same title (again, "Lover"), iii) with substantially the same introduction page formats with a similarly

styled "Lover" title, as well as an earlier photograph of the author in a nature setting and turned to the right and an accompanying forward with substantially similar greetings and wishes for the reader, iv) with a substantially similar inner book design with interspersed photographs and writings throughout the body thereof, v) and with a substantially similar back cover format, with the author photographed in an upward pose (juxtaposed with the front cover pose), and, again, a substantially similar color scheme (pastel pinks and blues), all in comparison with the creative elements of the TLD Work designs owned by TLD in total, as well as protected by TLD's Registered Copyright (comparisons provided in Exhibit B).

9. Stylistically, the Swift and TSP "Lover" book includes creative elements that are not typical of or present within other published books and as compared with the TLD Work leaves an overall impression that the Swift and TSP "Lover" book is, again, substantially similar in terms of the above-noted design elements as those within the TLD Work.

10. The TLD Work was published in 2010 and made available through various channels by publisher AuthorHouse, thus allowing for repeated and long-term access to Swift and TSP (either directly or indirectly) until the Swift and TSP "Lover" book was released.

11. The Defendants to this day have neither sought, nor obtained, a license from TLD of her creative design element rights, nor have they given any credit to TLD in relation to the TLD Work and the infringing Swift and TSP "Lover" book release, let alone provided any monetary payments for the TLD Work and the infringing Swift and TSP "Lover" release to the Plaintiff.

## CAUSE OF ACTION

### (Copyright Infringement – 17 U.S.C. § 101, *et seq.*)

12. Plaintiff repeats and realleges each of the foregoing Paragraphs as though fully set forth herein. The Defendants' reproduction, distribution, and sales of the infringing work, the Swift and TSP "Lover" book in the United States and internationally, continue to this day, and Defendants have not deigned to compensate the copyright owner of the Work (TLD) for the use of the copyrighted work in the TLD Work. The Defendants' reproduction, distribution, licensing, merchandizing, and economic exploitation of the Swift and TSP "Lover" book, and authorizing others to do the same, infringes Plaintiff's exclusive rights under the Copyright Act.

13. As a direct and/or proximate result of the Defendants' wrongful conduct, the Plaintiff has been irreparably harmed, suffered damage, and Defendants have profited in an amount in the amount to be determined at trial.

14. One or more of the Defendants infringed on Plaintiff's exclusive copyright in the TLD Work when it distributed and sold the Swift and TSP "Lover" book and generated all other economic exploitation thereof associated with the same. Such reproduction and release were wholly unauthorized as it was without any license or consent of authority from the Plaintiff (TLD). By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

15. As a direct and/or proximate result of the Defendants' infringement on Plaintiff's exclusive copyright in the TLD Work (again, the TLD "Lover" book), Plaintiff has suffered damages. Said injuries are continuing and will not abate in the future.

28. Pursuant to 17 U.S.C. § 504(c), the Plaintiff is entitled to statutory damages since the infringement occurred after the copyright was registered.

**WHEREFORE,** the Plaintiff TLD respectfully requests that judgment be entered against the enumerated Defendants, as follows:

A. For judgment that all of the Defendants, by virtue of their involvement with the creation, publication, reproduction, public dissemination, and distribution of the Swift and TSP "Lover" book, have violated the Copyright Act;

B. For judgment assessing Defendants for the damages in excess of one million dollars ($1,000,000.00) suffered by Plaintiff, including an award of actual damages and Defendants' profits attributable to the infringement, or statutory damages (at Plaintiff's election), under the Copyright Act, as well as costs and attorney's fees to the full extent provided for by Sections 501, 504 and 505 of the Copyright Act, 17 U.S.C. §§ 501, 504 and 505; damages and profits shall include all profits and damages resulting from exploitation of the work domestically and internationally.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues triable by jury, as enumerated and set forth in more detail in this Complaint.

Dated: August 23, 2022                                         Memphis, Tennessee

s/ William S. Parks
William S. Parks, BPR# 27681
William S. Parks, PLLC
172 W. Viking Drive
Cordova, Tennessee 38018
(901) 412-2755
billparks@billparkslaw.com
*Attorney for Plaintiff Teresa La Dart*