**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

---------------------------------------------------------X
:
TERESA LA DART, :
:
    Plaintiff, : Case No. 2:22-cv-02552-JTF-cgc
:
v. :
:
TAYLOR SWIFT, TAYLOR SWIFT :
PRODUCTIONS, INC. :
:
    Defendants. :
:
---------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Teresa La Dart ("TLD"), by and through her attorney, submits the following Brief in Opposition to Defendants' Motion to Dismiss the Complaint ("Complaint"). For the reasons set forth below, Plaintiff requests that this Court deny the Motion to Dismiss in its entirety.

Plaintiff alleges in her Complaint that Defendants copied elements of her book "Lover" such that there is an overall impression that Defendants' own book "Lover" is substantially similar thereto. Plaintiff noted within her Complaint the types of substantially similar designs involved including certain formats, photograph placement, and photograph poses, as well as the fact that the titles of both books were the same. Plaintiff did not state that the individual elements described within the Complaint were identical between both books, but noted that the overall designs between both books gave the appearance of substantial similarity when taken together. Defendants have moved to Dismiss the Complaint due to a number of allegations, including a lack of a proper copyright registration, a standard

pertaining solely to individual elements within a book that has been construed as preventing any protections for book format copyright protections, stating that Plaintiff's Complaint fails to set forth particularity as to the claimed infringing elements, and that each compared element between both books show a lack of substantial similarity. Plaintiff, again, disagrees with such a position on all counts.

## I. MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 335 U.S. 41, 48 (1957); see also Fed. R. Civ. P. 12(b)(6); Bell Atlantic Corp v. Twombly, 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 556-57. A complaint should never be dismissed because the court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. Id. For a copyright infringement action, Plaintiff must prove ownership of a protectable copyright and substantial similarity between the protected work and the alleged copying work. Plaintiff has set forth such a Complaint and dismissal at this time would be improper as a result.

## II. PLAINTIFF'S COPYRIGHT REGISTRATION COVERS THE ENTIRETY OF HER BOOK

Defendants have posited that Plaintiff's copyright protections are limited to the textual aspects of her book since the registration she owns was filed as a TX application and thus is indicated with the same descriptor by the Copyright Office. Plaintiff respectfully disagrees with such a statement, particularly that this is a "fatal flaw" to her Complaint against Defendants. A review of the Copyright Office's presentation and definition of the protections available to authors through copyright registration applications shows that a "literary work" should be filed solely under the TX type of application. As "Lover" is a book, it stands to reason that her creation was a "literary work" that required such a filing status. Furthermore, the statutory definition of "literary work":  a work "other than audiovisual works, expressed in words, numbers, or other indicia, regardless of the nature of the material objects, such as books…" (17 U.S.C. 101) At the time of copyright registration application filing, Plaintiff fully believed and understood that the entirety of her book was covered by the sole application basis (TX) offered by the Copyright Office for such protection. Her book was not audiovisual in nature, but was a work expressed in words or other indicia that conveyed the importance of her creative energies as she chose to publish. Additionally, Plaintiff provided a full deposit of her book to the Copyright Office as is required for such a Copyright Registration. Thus, the entirety of her book was supplied in such a published form as a literary work as was understood and presented with the Copyright Office's requirements. As such, Plaintiff's respectfully submits that her copyright protections cover the entirety of her book as published. If not, Plaintiff would request leave to seek any further copyright protections before the Copyright Office out of fairness.

## III. PLAINTIFF'S OVERALL BOOK DESIGNS ARE PROTECTABLE UNDER COPYRIGHT

Defendants have disputed the viability of Plaintiff's copyright protections with regard to formatting, design selections, color schemes, and other individual elements, ostensibly construing certain holdings and the Copyright Office Circular No. 33: Works Not Protected By Copyright ("Circular 33") as limiting the potential for copyrightable claims in this instance.  Plaintiff disagrees with such a stance, particularly because Defendants have sought to merely consider Plaintiff's book designs as simple selections that apparently are universally acknowledged as typical of many books in the past.  Plaintiff feels strongly that the similar nature of not just one portion of her book, but significant numbers of portions of her book to those present within Defendants' book should be taken into consideration before this Court rather than dismissed outright under, for instance, the Circular 33 standard which does not purport to prevent multiple comparisons, but merely singular items within a creative work.  For instance, as held within Reader's Digest v. Conservative Digest, 821 F.2d 800, 806 D.C.Cir.(1987), the important issue is that a work exhibit originality as to its design to be accorded copyright protections.  In this specific situation, Plaintiff designed the entirety of her book with specific cover designs, colors, a picture denoting a sense of mood (that changes from beginning to end), and including a forward introductory page with an accompanying picture evincing a certain scene and expressive quality, not to mention a title that, on its own, certainly, is not protectable, but that is part of the overall expression of the book Plaintiff created.  This overall design of Plaintiff's book is unquestionably original, as the elements noted above were not merely related to unprotectable elements but display original creativity on behalf of the Plaintiff.  (Kohus v. Mariol, 328 F.3d 848, 6th Cir., 2003)

Plaintiff noted these issues within her Complaint and thus respectfully submits that she properly set forth her claims as necessary and with required particularity for full understanding of Defendants' alleged infringing actions.

Furthermore, it is Plaintiff's belief that the similarities between her book and the designs of Defendants' book are rooted in a review of Plaintiff's work to develop certain types of "fan-based art" concepts to allow for more accessibility with her fanbase. There are publications that indicate Defendants sought a change from a previous recording (<u>Reputation</u>) that was considered rather "dark" in its conceptual nature and that the next album (which became "Lover") was to be much more hopeful and colorful and to be presented in a less professional manner in terms of design. (Wikipedia "Lover (Album)" description). Plaintiff's position is that Defendants had a basic idea of how to accomplish such a resultant album, including using a diary-based book, to convey such a brighter concept, again, to connect with her fanbase in a different manner and possibly greater degree. With the thought of a fan-art type design, Plaintiff believes Defendants directed professional designers to seek some examples of such "fan-art" concepts and came across Plaintiff's book ("Lover") as a result (as well as through the similar title). The similar concepts between both Plaintiff's book and Defendants' book are, to Plaintiff, uncanny in terms of the expressive qualities involved, particularly the downward, sad, look on the cover to the upward, hopeful, look on the back cover, with the hopeful pastel color selections on both covers, to the previously noted similarly posed picture on the introduction/forward pages of both books at least. Mere coincidence is difficult to see in these instances, particularly when the overall designs of both books are compared. As such, Plaintiff avers that access to her book is

evident in this situation due to such similarities, at least, and due to the availability of her book to the public, additionally, prior to Defendants' book's publication.

Defendants have noted that the 6th Circuit requires an "ordinary observer" test to determine substantial similarity (Stromback v. New Line Cinema, 384 F.3d 283, 6th Cir., 2004).  Such a test would be best left to a jury to decide as fact-finder.  Defendants have presented their comparisons with the designs between Plaintiff's and their books, certainly with a bias that would not gel with such an ordinary observer standard.  Plaintiff thus respectfully submits that the Motion to Dismiss at issue should be denied, at the very least to permit discovery to commence between the parties to best determine the overall situation.

## CONCLUSION

For all reasons set forth above, Plaintiff Teresa La Dart respectfully requests that this Court deny Defendants' Motion to Dismiss the Complaint in its entirety.

Dated this 3rd day of March, 2023.              s/ William S. Parks

William S. Parks, BPR# 27681
William S. Parks, PLLC
172 W. Viking Drive
Cordova, Tennessee 38018
(901) 412-2755
billparks@billparkslaw.com
*Attorney for Plaintiff Teresa La Dart*