### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TERESA LA DART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-02552-JTF-cgc |
| ) | |
| TAYLOR SWIFT, TAYLOR ) | |
| SWIFT PRODUCTIONS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants Taylor Swift and Taylor Swift Productions, Inc. (collectively, "Defendants") hereby submit this Reply in Support of their Motion to Dismiss Plaintiff Teresa La Dart's ("Plaintiff") Complaint. As explained in Defendants' Motion (Dkt. 7), Plaintiff's claim for copyright infringement is entirely meritless—a fact made clearer by Plaintiff's Opposition. Indeed, in her Opposition Plaintiff concedes the allegedly infringed elements are not copyrightable, does not meaningfully dispute that her copyright registration fails to cover the allegedly infringed elements, and again fails to assert any coherent basis for copying of Plaintiff's work.

First, Plaintiff outright concedes that the individual allegedly-infringing elements are in-fact not eligible for copyright protection. She therefore pivots to a theory that the combination of these unprotected elements results in an "overall impression" of substantial similarity, amounting to copyright infringement. However, it is well-established that an "overall impression" claim based on the combination of unprotected elements is only entitled to a "thin" copyright, where Plaintiff must plead near identical copying to properly allege infringement. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349–51 (1991). Plaintiff has not come close to doing so. Nor does Plaintiff overcome the undeniable fact that the literary work copyright she has does not protect the infringement she asserts. In response to this fact, Plaintiff merely posits that she "believed" the registration covers more than the text of the work. As for copying, recognizing that her allegations are woefully deficient, Plaintiff injects new, wildly speculative facts into the Opposition. But this Court cannot consider facts not in the Complaint—and the new facts, in any event, are entirely conjectural. Finally, Plaintiff does not even attempt to rebut the extensive law Defendants put forth showing that she failed to adequately allege access or substantial similarity and that the Court can find as much on a motion to dismiss. Plaintiff's Complaint was fatally flawed from the start, and her Opposition has only made it clearer that this claim must be dismissed with prejudice.

# ARGUMENT

**I.   The Court Should Dismiss Plaintiff's Copyright Infringement Claim with Prejudice.**

### A. *Plaintiff Misstates the Standard Governing the Motion to Dismiss*

As an initial matter, Plaintiff improperly asserts that this Rule 12(b)(6) motion "should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." Opp. at 2 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). This has not been the standard since 2007. In *Twombly*, the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) ['no set of facts'] standard of *Conley v. Gibson* . . . characterizing that rule as one 'best forgotten as an incomplete, negative gloss on an accepted pleading standard.'" *Ass'n Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007)). Rather, "[t]he complaint will be found plausible on its face only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Griham v. City of Memphis*, No. 2:21-cv-02506, 2022 WL 989175, at *1 (W.D. Tenn. Mar. 31, 2022). Moreover, because "[c]opyright infringement . . . lends itself readily to abusive litigation . . . greater particularity in pleading, through showing 'plausible grounds,' is required." *Taylor v. Victoria's Secret Stores, Inc.*, No. 10-2334, 2011 WL 13097641, at *3 (W.D. Tenn. Sept. 29, 2011). Under the correct standards, Plaintiff has plainly failed to state a claim for copyright infringement.

### B. *Plaintiff Has Not, and Cannot, Cure the Fact that the Allegedly-Infringing Elements Are Not Protected Elements of Expression Individually or Collectively*

The allegedly-infringing elements of the TLD Work[1]—book format, inner book design, cover format and title page format, back cover format, and introduction page format—are not

---

[1] All abbreviations are the same as those used in Defendants' Motion (Dkt. 7).

protected elements of expression. Recognizing this, Plaintiff shifts her claim to focus on the TLD Work's "overall design" / "overall impression" / "overall expression." Opp. at 1, 4–6. Merely asserting that "overall" Plaintiff's Work is original, however, does not fulfill Plaintiff's burden.

As explained in Defendants' Motion, to proceed on a copyright infringement claim, Plaintiff must establish that the allegedly copied elements are original, meaning they were "independently created by the author" and "possess[] at least some minimal degree of creativity." *Feist*, 499 U.S. at 345. Importantly, a book's overall format, layout, book design, and arrangement of material are not copyrightable elements because they constitute mere concepts or ideas and templates of expression. *See Journal Commc'ns, Inc. v. Sabo*, No. 3:07-00605, 2008 WL 821524, at *4 (M.D. Tenn. Mar. 26, 2008); U.S. COPYRIGHT OFF., COMPENDIUM OF U.S. COPYRIGHT OFF. PRACS. § 707.3 (3d ed. 2021). Here, Plaintiff does not contest Defendants' arguments that the allegedly-infringing elements are not protected elements of expression individually, and thus concedes, that they are not infringed upon individually. *See* Opp. at 4 (stating the "overall design of [her] book is unquestionably original" and that the individual elements are merely "part of the overall expression of the book"). Accordingly, Plaintiff has waived her allegation that the allegedly-infringing elements possess the requisite originality to obtain copyright protection (Compl. ¶ 4) and has conceded that there is no copyright infringement of the individual allegedly-infringing elements. *See, e.g.*, *Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007) ("[Plaintiff] abandoned [certain] claims . . . and allegations . . . by failing to raise them in his brief opposing [defendant's] motion to dismiss."); *Ballentine Express Corp. v. EAN Holdings, LLC*, No. 2:21-cv-02242, 2022 WL 2812058, at *3 (W.D. Tenn. July 18, 2022) (granting motion to dismiss and holding that "[w]here a party fails to respond to an argument in a motion to dismiss, the Court assumes he conceded this point and abandons the claim").

3

Having conceded that the individual elements are not protectible, Plaintiff now bases her entire claim on an assertion that the *combination* of these elements amounts to an original and protectible "overall design." Opp. at 1, 4. Plaintiff's combination argument also fails.

The "combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Gutierrez v. CogScreen, LLC*, No. 17-cv-2378, 2017 WL 8727627, at *3 (W.D. Tenn. Dec. 5, 2017); *see Feist*, 499 U.S. at 349–51 ("[T]he principal focus should be on whether the selection, coordination, and arrangement are sufficiently original to merit protection."). Merely lumping unprotected elements together does not amount to a combination that is numerous or original enough to constitute protected expression in the overall design. *See Feist*, 499 U.S. at 358. Here, Plaintiff never identified what is original and creative about her combination of certain elements.[2] As a result, she has "not point[ed] to anything demonstrating that [her book's design is] original." *Tomaydo-Tomahhdo, LLC v. Vozary*, 629 F. App'x 658, 661–62 (6th Cir. 2015) (finding plaintiff's recipe book was not original because despite "stress[ing] that they purposefully selected and arranged the menu items, [plaintiff] never identifies what is original and creative about their process" or "any creative manner by which [the menu items] are . . . purposefully coordinated"). In such a situation, the Court can, and should, dismiss Plaintiff's claim at the motion to dismiss stage. *See Kittrich Corp. v. United Indus. Corp.*, No. 17-

---

[2] Plaintiff's generic statement of law from *Reader's Digest* that "the important issue is that a work exhibit originality as to its design to be accorded copyright protections" does not save her claim. *See* Opp. at 4 (citing *Reader's Digest Assoc., Inc. v. Conservative Digest, Inc.*, 821 F.2d 800, 806 (D.C. Cir. 1987)). Rather, the facts of *Reader's Digest* show why her claim fails: the "distinctive arrangement and layout" of elements on the magazine cover at issue was entitled to copyright protection as a "graphic work"—protection that Plaintiff does not have here. *See* Mot. at 12–13; *infra* Section I.C. Moreover, to the extent Plaintiff is relying on *Reader's Digest's* discussion of "the total image of a product"—i.e. overall design—that addresses trade dress infringement and has nothing to do with copyright infringement. *Reader's Digest Ass'n*, 821 F.2d at 803–04.

06211, 2017 WL 10434389, at *3–4 (C.D. Cal. Oct. 18, 2017) (granting motion to dismiss where despite plaintiff's claim that its work "as a whole" was protected, it did not sufficiently plead the work's combination of unprotected "text, colors, and images" amounted to original expression).

Even if Plaintiff had identified what was original and creative about her combination of unprotectable elements (she did not), notably, such combination is afforded only "thin copyright protection"—which protects against only "virtually identical copying [of that] same selection and arrangement." *Enchant Christmas Light Maze & Mkt. Ltd. V. Glowco, LLC*, 958 F.3d 532, 538 (6th Cir. 2020); *Feist*, 499 U.S. at 349–51. Here, not only does Plaintiff not allege the two works are virtually identical, she expressly admits that she "did not state that the individual elements . . . were identical between both books." Opp. at 1. Plaintiff has thus failed to identify the most basic element of a copyright claim—namely, any original elements, either individually or collectively—and her claim must be dismissed.

### C. Plaintiff Has Not and Cannot Cure the Fact that Her Registered Copyright Does Not Protect the Entire TLD Work

Despite what Plaintiff might have "believed," Plaintiff's registered copyright does not protect all aspects of the TLD Work. Tellingly, Plaintiff does not meaningfully oppose Defendants' arguments that the scope of Plaintiff's registered literary work copyright does not cover the allegedly-infringing elements or overall design. Mot. at 11–12. Instead, she merely asserts (without any supporting case law) that "her copyright protections cover the entirety of her book as published" because (1) she "fully believed and understood that the entirely of her book was covered by the sole application" and (2) she "provided a full deposit of her book to the Copyright Office." Opp. at 3. Neither is sufficient to support Plaintiff's claim.

First, what an author *believes* is protected under her copyright has no bearing on what elements of the work are in fact protected. What matters is what qualifies as the work of authorship

5

under that registered copyright. Indeed, a party "may have a valid copyright interest in a work that contains numerous unprotectable elements—for example, a copyright interest in an academic book about history, containing thousands of unprotectable facts." *Enchant Christmas Light Maze & Mkt. v. Glowco, LLC*, No. 3:19-cv-00966, 2019 WL 5964531, at *4 (M.D. Tenn. Nov. 13, 2019). But that valid copyright does not mean plaintiff's copyright interest extends to <u>all</u> aspects of her work. *See id.*; *see also* COMPENDIUM (THIRD) § 313 (noting the Copyright Office can register a work that contains copyrightable and uncopyrightable material; however, the uncopyrightable material remains unprotected). Further, the Copyright Office has made it clear that the "***copyrightable authorship in literary works . . . [is] expressed in words, numbers, or other verbal or numerical symbols or indicia***." COMPENDIUM (THIRD) § 706; 17 U.S.C. § 101. Not the entirety of a work.

Second, the fact that the Copyright Act requires a full deposit of the work for a literary work has no bearing on whether the deposit in its entirety is afforded copyright protection. *See* 17 U.S.C. §§ 407, 408 (requiring the copyright owner to deposit two complete copies with the Copyright Office for examination, the Library of Congress's record-keeping, and to allow other authors to inspect the work). Again, what matters is the copyright protection actually afforded to the copyrightable elements in the work. *Enchant Christmas Light Maze*, 2019 WL 5964531, at *4. Plaintiff does not cite a single case or other authority stating otherwise. Here, Plaintiff's copyright is a literary work, which protects only the textual content in the book. *See* COMPENDIUM (THIRD) § 706; *id.* § 707.3 ("The overall format or layout of a book or other printed publication cannot be registered with the U.S. Copyright Office."); U.S. COPYRIGHT OFF., CIRCULAR 33: WORKS NOT PROTECTED BY COPYRIGHT (2021), https://www.copyright.gov/circs/circ33.pdf ("[T]he Office will not accept a claim to copyright in 'format' or 'layout' . . . of a book, page, [or] book cover."). She does not have a compilation copyright or any other copyright that could conceivably cover the

rights she asserts. Because Plaintiff's copyright does not include the allegedly-infringing overall design, Plaintiff's copyright infringement claim must be dismissed with prejudice.[3]

### D. Plaintiff Has Undisputedly Failed to Sufficiently Allege Copying

Assuming Plaintiff could overcome the above-discussed fatal flaws (she cannot), Plaintiff still fails to plausibly allege copying of the TLD Work's overall design. In her Opposition, Plaintiff does not dispute that she does not allege any direct evidence of copying. Therefore, she must have adequately alleged (1) Defendants' access to the allegedly infringed work and (2) a substantial similarity between the two works from the viewpoint of the ordinary observer. *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004). Plaintiff has not done so.

#### 1. Plaintiff's New Allegations Cannot Be Considered

Acknowledging that the access and substantial similarity allegations in her Complaint are woefully deficient, Plaintiff asserts for the first time in her Opposition that it is "Plaintiff's belief that the similarities between her book and the designs of Defendants' book are rooted in a review of Plaintiff's work to develop certain types of 'fan-based art' concepts" and that "Plaintiff believes Defendants directed professional designers to seek some examples of such 'fan-art' concepts and came across Plaintiff's book." Opp. at 5. Nowhere in the Complaint is there any mention of "fan-based art" or any purported direction by Defendants for anyone to seek "fan-art concepts." *See generally* Compl. The Court, therefore, may not consider these new factual allegations raised in Plaintiff's Opposition. *Sharp v. Technicolor Videocassette of Mich., Inc.*, No. 2:18-cv-02325, 2019 WL 167423, at *3 (W.D. Tenn. Jan. 10, 2019) (declining to consider "newly-raised . . . factual

---

[3] Acknowledging that her copyright does not protect the claim she asserts, Plaintiff seeks "leave to seek any further copyright protections before the Copyright Office." Opp. at 3. This request should be disregarded. First, Plaintiff already registered her work with the Copyright Office and the Office "will issue [only] one registration for each work that is submitted for registration. COMPENDIUM (THIRD) § 503.1(A). Second, additional registration, even if permissible, is not sufficient to cure the numerous other fatal flaws in Plaintiff's claim.

allegations contained in the plaintiff's response to the motion to dismiss . . . [because they] are not found in the Complaint . . . [and are thus] not properly plead"); *Israel v. Northwest Airlines*, No. 2:10-cv-02294, 2010 WL 5156657, at *3 n.2 (W.D. Tenn. Dec. 14, 2010) (granting motion to dismiss and ignoring plaintiff's "additional factual allegations" contained in the response).[4]

### 2. Access

Plaintiff does not dispute that the only allegation related to access in the Complaint is that the TLD Work was published in 2010 and made available on "various channels," that "allow[ed] for repeated and long-term access." Mot. at 14 (citing Compl. ¶ 10). As explained in Defendants' Motion, this single, conclusory allegation does not, and cannot adequately state a claim for access. *See* Mot. at 13–14 (citing cases). Nor does Plaintiff dispute that she has failed to plausibly allege that Defendants have ever seen the TLD Work before she filed her Complaint. Mot. at 15.

All that Plaintiff provides is a baseless assertion that "access to her book is evident in this situation due to such similarities, at least, and due to the availability of her book to the public." Opp. at 5–6. These assertions fail for two reasons. First, to the extent Plaintiff claims that the Court can infer access because the works are, in Plaintiff's view, "similar [in] nature" (*id.* at 4), Plaintiff is wrong. A court can only infer access if Plaintiff plausibly pleads the works are strikingly similar such that copying is the only reasonable explanation. *See, e.g.*, *Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 317 (6th Cir. 2004); *see also Raum v. Norwood*, 93 F. App'x 693, 696 (6th Cir. 2004) (holding that the works were not strikingly similar where there were obvious differences). Plaintiff has not, and cannot, plead striking similarity.

---

[4] Even if Plaintiff's new factual allegations could be considered, they would not change the analysis because Plaintiff's "beliefs" are pure speculation and, without a single plausible allegation to support her conjecture, still fail to "plead[] factual content that allows the court to draw the reasonable inference" of access and/or substantial similarity. *Griham v. City of Memphis*, No. 2:21-cv-02506, 2022 WL 989175, at *1 (W.D. Tenn. Mar. 31, 2022).

Second, the availability of the TLD Work to the public is insufficient to plausibly plead access. *See Halper v. Sony/ATV Music Publ'g, LLC*, No. 18-5915, 2019 WL 994524, at *2 (6th Cir. Feb. 15, 2019) (dismissing claim for failure to adequately allege access); *Duncan v. New Line Cinema, Inc.*, No. 06-1163, 2008 WL 11414543, at *4 (W.D. Tenn. Mar. 18, 2008) (same).[5] Other than Plaintiff's newly articulated "fan art" speculation,—which, as explained above cannot be considered and even if it could, is not plausible—Plaintiff does not point to any facts in the Complaint explaining how, where, or when Defendants could have accessed the TLD Work.

### 3. Substantial Similarity

As to substantial similarity, Plaintiff ignores this Circuit's required two-part test, *see Kohus v. Mariol*, 328 F.3d 848, 853, 855 (6th Cir. 2003)—and Defendants' analysis thereof—and merely asserts that, in her opinion, "similar concepts" between the two Works are "uncanny." Opp. at 5. This is insufficient to show—let alone plausibly plead—substantial similarity of the two Works' overall designs.

As to Step 1, "identify and eliminate those elements that are unoriginal and therefore unprotected" (*Kohus*, 328 F.3d at 854), Plaintiff does not even attempt to do so. Instead, as noted above Plaintiff admits that the TLD Work's overall design is a combination of *unprotected* elements. *See supra* Section I.B. Nor does Plaintiff provide any basis for finding substantial similarity if the Court somehow proceeds to Step 2: "determin[e] whether the allegedly infringing work is substantially similar to protectible elements of the artist's work." *Kohus*, 328 F.3d at 855. Here, Plaintiff claims that it is the "overall designs" that matter—pointing to "uncanny" similarities between the "downward, sad, look on the cover to the upward, hopeful, look on the back cover, with the hopeful pastel color selections on both covers, to the previously noted

---

[5] Defendants cited this case law in their opening Motion; Plaintiff did not address it in Opposition.

similarly posed picture on the introduction/forward pages of both books." Opp. at 5. However, as explained in Defendants' Motion, none of the poses, arrangements, or pictures are remotely similar between the TLD Work and the Swift Work. *See* Mot. at 17–20. Moreover, as noted above, where, as here, a plaintiff merely alleges copyright protection in a combination of otherwise unprotectable elements, such combination is only eligible for "thin copyright protection," requiring "virtually identical copying [of that] same selection and arrangement." *Enchant Christmas Light Maze*, 958 F.3d at 538. Plaintiff does not allege or argue that the two Works are virtually identical. Nor can it be disputed from a cursory comparison of the two Works that no trier of fact could determine the two works are even nearly identical.

In a last-ditch effort, Plaintiff argues that the determination of substantial similarity should be "left to a jury to decide as fact-finder." Opp. at 6. In doing so however, Plaintiff ignores the many Sixth Circuit cases Defendants cited that explain a court can determine substantial similarity as a matter of law on a motion to dismiss. *See* Mot. at 15–16 (citing cases). Here, Defendants have explained the clear and obvious differences between every allegedly infringed element of the Works, and the Works as a whole. Mot. at 17–20. Plaintiff did not even attempt to rebut those explanations. Any ordinary observer, after comparing the two Works as required, could not rationally determine they are substantially similar. Thus, the Court should dismiss Plaintiff's claim as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant their Motion and dismiss Plaintiff's Complaint with prejudice.

DATED: March 17, 2023                               Respectfully Submitted,

                                      By:    */s/ James Douglas Baldridge*
                                             James Douglas Baldridge

BPR Registration No. 038188
VENABLE LLP
600 Massachusetts Ave. NW
Washington, D.C. 20001
Tel: (202) 344-4000
JBaldridge@venable.com

*Counsel for Defendants*